**IT IS ORDERED as set forth below:**



**Date: January 30, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| KELVIN LAVON GRANT, | : | BANKRUPTCY CASE |
|  | : | 18-50401-LRC |
| Debtor. | : |  |
| _____ | : |  |
|  | : |  |
| DANIEL M. MCDERMOTT, U.S. Trustee | : | ADVERSARY PROCEEDING |
|  | : | NO. 18-05179-LRC |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| KELVIN LAVON GRANT, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is the Motion for Default Judgment, filed by Daniel M.

McDermott, in his capacity as the United States Trustee (hereinafter the "Plaintiff"). The motion arises in connection with a complaint objecting to discharge, filed by the Plaintiff against Kelvin Lavon Grant (hereinafter the "Debtor"). Accordingly, this matter constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(J); 1334.

## FINDINGS OF FACT

On January 9, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy. Martha A. Miller (hereinafter the "Trustee") serves as the trustee of the Debtor's Chapter 7 bankruptcy estate.

On January 9, 2018, Debtor filed a statement of financial affairs (the "SOFA") and Schedules A through J (the "Schedules"). *See* Case No. 18-50401, Dkt. No. 10. On July 2, 2018, Debtor filed an amended statement of financial affairs (the "Amended SOFA") and amended Schedules A through J (the "Amended Schedules"). *See* Case No. 18-50401, Dkt. No. 25. Debtor signed the SOFA and Schedules and the Amended SOFA and Amended Schedules under penalty of perjury.

At a Rule 2004 Examination conducted by Plaintiff, Debtor testified that he borrowed $16,000 from his retirement account in November or December of 2017. Complaint, ¶¶ 35. Debtor testified that he spent the money on bills, including "mortgage, car payments, food, light, water, gas, help with kids, baby." *Id*. ¶ 36. According to

2

Debtor's testimony, he still had $8,000 of these funds on the Petition Date, which he had spent by February or March of 2018. *Id*. ¶¶ 37-38. Plaintiff asked Debtor to provide an accounting of his distribution of the $16,000. *Id*. ¶ 39. Debtor did not disclose the $8,000 in the Schedules. *Id*. ¶¶ 46, 47. In the Amended Schedules, Debtor disclosed that he had $6,000 in cash on the Petition Date. *Id*. ¶ 59.

## CONCLUSIONS OF LAW

Under section 727(a)(2) of the Bankruptcy Code, the Court shall "grant the debtor a discharge unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . .property of the debtor, within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2). Accordingly, to deny a debtor a discharge under this section, a plaintiff must demonstrate that the Debtor concealed his property with the intent to hinder, delay or defraud a creditor or the Trustee. "Concealment" includes "physical hiding of the property, and 'other conduct, such as placing assets beyond the reach of creditors or withholding knowledge of the assets by failing or refusing to disclose the information.'" *Moyer v. Geer (In re Geer)*, 522 B.R. 365, 386 (Bankr. N.D. Ga. 2014) (Hagenau, J.) (quoting *San Jose v. McWilliams*, 284 F.3d 785, 794 (7th Cir. 2002)). The Court may infer "[actual fraudulent intent . . . from

the circumstances surrounding the transfer or concealment." *Id*. at 387 (citing *Emmett Valley Assocs. v. Woodfield (In re Woodfield)*, 978 F.2d 516, 518 (9th Cir. 1992)).

Similarly, § 727(a)(3) provides the Court shall grant Debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case. 11 U.S.C. § 727(a)(3).

Section 727(a)(4)(A) also provides that the Court may deny a Chapter 7 debtor's discharge if the "debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To obtain such relief, the plaintiff must show: (1) there was a false oath; (2) that the false oath was material; and (3) that the debtor made the false oath knowingly and fraudulently. *See id*. For purposes of section 727(a)(4), an omission of information from the Schedules signed under penalty of perjury can constitute a false oath. *See Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (citing *In re Raiford*, 695 F.2d 521, 522 (11th Cir. 1984)). Further, "[t]he subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property."

*Id.* at 618. The plaintiff need not demonstrate that the undisclosed or false information harmed creditors, as "[c]reditors are entitled to judge for themselves what will benefit or prejudice them." *Geer*, 2014 WL 6449991, at *13. That being said, as the purpose of requiring disclosures is to assist the trustee and creditors in their investigation of the debtor's affairs and the recovery of assets, false information or omissions are not material unless they "assist or impede" this effort. *Id.* ("[I]f the omission would not assist or impede the . . . creditors in this endeavor, it is not material.").

Finally, under § 727(a)(5), the Court shall grant the debtor a discharge unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). "Vague and indefinite explanations of losses that are based upon estimates uncorroborated by documentation are unsatisfactory." *Chalik*, 748 F.2d at 619 (upholding bankruptcy court's denial of debtor's discharge under § 727(a)(5) where debtor received loan proceeds eleven months before filing bankruptcy and offered no documentation to corroborate his testimony that he invested the money and spent the rest on living expenses).

Here, Plaintiff has moved for default judgment and requests the denial of Debtor's discharge under §§ 727(a)(2), (a)(3), (a)(4), or (a)(5) because Debtor concealed $8,000 in cash in his possession on the Petition Date with fraudulent intent; knowingly and

5

fraudulently made a false oath when he failed to disclose the existence of the cash in the Schedules, which he signed under penalty of perjury; failed to keep recorded information regarding how he spent the $16,000 he borrowed from his retirement account; and failed to explain satisfactorily the loss or deficiency of the $16,000.

Debtor has failed to file a pleading responsive to Plaintiff's complaint or a response to Plaintiff's motion for default judgment. Having considered the facts alleged in the Complaint, the Court finds that Plaintiff has pled sufficient facts from which the Court can find and infer that the Debtor concealed the fact that he held $8,000 in cash on the Petition Date and spent the funds post-petition with the intent to hinder his creditors and the Trustee; knowingly and fraudulently made a false oath regarding the funds with the intent to hinder, delay, or defraud his creditors; and either failed to keep or concealed or destroyed recorded information regarding the disbursement of the $16,000 borrowed from his retirement account prior to the Petition Date; and failed to explain satisfactorily the loss of that $16,000.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's motion for default judgment should be, and hereby is, **GRANTED**. Debtor, Kelvin Lavon Grant, is not entitled to a discharge under § 727(a)(2), (a)(3), (a)(4), and (a)(5). Therefore, the discharge is **DENIED**.

In accordance with Rule 4006 of the Federal Rules of Bankruptcy Procedure, after this Order becomes final, the Clerk shall promptly give notice to all creditors.

**END OF DOCUMENT**

**Distribution List**

Lindsay P. S. Kolba
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Kelvin Lavon Grant
3424 River Drive
Lawrenceville, GA 30044

Martha A. Miller
Martha A. Miller, P. C.
P. O. Box 5630
Atlanta, GA 31107

Darrell L. Burrow
Burrow & Associates, LLC
Building A, Suite 100
2280 Satellite Blvd.
Duluth, GA 30097